MARION O. GAY, Appellant, v. MISSOURI GUAR-
    ANTEE SAVINGS & BUILDING ASSOCIATION,
    Respondent.

Kansas City Court of Appeals, December 4, 1899.

Insurance: AGENCY: MORTGAGOR AND MORTGAGEE: NOTICE.
    The fact that a mortgage stipulates that the mortgagor should keep
    the property insured in some good insurance company to be selected
    by the mortgagee, and the mortgagee makes such selection, does not
    constitute the mortgagee the agent of the mortgagor and require him
    to give notice to the company that additional insurance has been
    secured when he takes a second mortgage to secure a further loan
    and directs the insurance for such loan in a different company.

Appeal from the Daviess Circuit Court.—*Hon. E. J.
    Broaddus*, Judge.

AFFIRMED.

*Ed. E. Yates* and *Hicklin & Hicklin* for appellant.

Even though defendant gratuitously undertook to procure this policy in the Royal, it is nevertheless liable to plaintiff for any loss accruing to him thereby, if it performed this office in so negligent a manner as to cause a forfeiture of the Hartford policy. 1 May on Insurance, sec. 124, says: "The agent employed to effect insurance, it scarcely need be said, is responsible to his principal for every negligence in the performance of his duties. That the undertaking was gratuitous is no defense, if it was actually entered on." Wilkinson v. Coverdale, decided in 1790 by the Court of the King's Bench, and reported in 1 Espinasse's Rep. 75.

*Alexander, Richardson & Allen* for respondent.

(1) If the defendant association had safely guarded its interests better, it would have required the plaintiff to do his whole duty in taking out the insurance. Its failure to do so resulted in a loss of part of its security, but certainly nothing more, and the court below so viewed it. (2) We urge further, that the petition does not state facts sufficient to constitute a cause of action, or to authorize a court of equity to grant the relief prayed for.

ELLISON, J.—The plaintiff seeks to enjoin defendant from foreclosing a deed of trust by a sale of the land described therein. The bill was dismissed by the circuit court.

The case has arisen in this way: Plaintiff borrowed $800 of defendant giving a deed of trust to secure the same. The deed contained a provision that plaintiff, as the borrower, should keep the property conveyed insured in some good insurance company to be selected by defendant, in a sum equal to the amount borrowed. Afterwards plaintiff borrowed of defendant the further sum of $200 and secured its payment

on the property by giving a second deed of trust with a like provision as to insurance. Plaintiff insured the property for $800 in the Hartford Insurance Co., as provided in the first deed of trust. The policy contained a provision avoiding it if any additional insurance should be taken out without the consent of the Hartford Company. In compliance with the second deed of trust plaintiff took out insurance in the Royal Insurance Co. for $200. But neither he nor the defendant obtained the consent of the Hartford Insurance Co. In consequence, the building on the property having burned, the Hartford Insurance Co. policy for $800 having been avoided by reason of the second insurance being taken without its consent, nothing was realized on said policy to be paid on plaintiff's indebtedness to defendant. The policy for $200 was paid and applied on the indebtedness. Defendant afterwards began to foreclose the deed of trust by sale under the provisions thereof and plaintiff seeks to enjoin it as before stated.

The principal question between the parties is, whose duty was it to notify the Hartford Company of the additional insurance? By the terms of the trust deed itself it was plaintiff's duty to do so, and we can not find in the record where plaintiff has shown that such duty was cast upon defendant. Plaintiff borrowed the money and as a part of the security he agreed to keep up the insurance on the property to the amount of the loan. If the insurance had expired it would have been his duty, under his contract, to take out new insurance. If additional insurance was taken out it was done by him in compliance with his second deed of trust and it became his duty to so take it out that it would not jeopardize the first policy. The insurance, while operating as additional security for the loans, was primarily for plaintiff's benefit. We fail to find anything in the evidence which made it defendant's duty to take care of the insurance. It may have been to its interest to keep watch over plaintiff as a debtor and see that he per-

-formed his duty. That happens frequently between creditor and debtor. But defendant's interest is not necessarily its duty. Nor do we see how the provision that defendant had a right to select the company or companies in which the insurance should be taken alters the matter. That provision was merely that defendant might know that the insurance was in a good and solvent company.

The further argument is made that defendant kept possession of the Hartford policy. There is nothing in such circumstances to change the relation of the parties to the contract. The whole case is that plaintiff contracted to take out and keep certain insurance and he has failed to show that defendant has ever relieved him of such obligation.

. The foregoing views result in an affirmance of the judgment. All concur.